**XIU FANG ZOU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General of the United States,\* Respondent.**

No. 08–0445–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

Steven A. Mundie, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiu Fang Zou, a native and citizen of the People's Republic of China, seeks review of the December 28, 2007 order of the BIA denying her motion to reopen and to file a successive asylum application. *In re Xiu Fang Zou,* No. A077 309 605 (B.I.A. Dec. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zou's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

As Zou acknowledges in her letter-brief, her challenges to the BIA's denial of her motion to file a successive asylum application are foreclosed by *Yuen Jin v. Muka-*

---

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

*sey,* 538 F.3d 143 (2d Cir.2008). Furthermore, as to Zou's challenge to the BIA's finding that she failed to show changed country conditions in China that would excuse the untimely filing of her motion to reopen—we have previously reviewed the BIA's consideration of evidence similar to that which Zou provided with her untimely motion, and have found no error in the BIA's conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).